Argued November 12, 1937; affirmed January 4, 1938

# HARCOMBE *v.* RUBENSTEIN
(74 P. (2d) 982)

Department 2.

*Wm. W. Harcombe,* of Eugene (H. M. Brownell and Dorilla J. Somers, both of Eugene, on the brief), for appellant.

*S. M. Calkins* and *Winsor W..Calkins,* both of Eugene, for respondent.

RAND, J. The plaintiff is the owner and holder of a chattel mortgage on certain articles of household furniture given by one Sadie Morgan, who, prior thereto, had, under another chattel mortgage, mortgaged the same articles to the Beneficial Loan Society of Eugene. Both mortgages were duly executed, witnessed and acknowledged as provided by law and, at the time plaintiff took his mortgage, the prior mortgage had been duly filed for record and plaintiff had constructive notice thereof. The prior mortgage contained a covenant which, in substance, provided that, if the mortgagee named therein should deem itself or its debt insecure, it would be authorized to take possession of the mortgaged property or any part thereof and sell the same at private sale or public auction for the best price obtainable and, from the proceeds thereof, satisfy its debt and pay the overplus, if any, to the mortgagor. Under this provision, although at the time neither of said mortgages was in default, the Beneficial Loan Society, by the husband of Sadie Morgan who was duly authorized thereto by said Beneficial Loan Society, took possession of said mortgaged property and sold and delivered possession thereof to the defendant for the sum of $132.50, and applied the same in partial satisfaction of the amount then due under its mortgage.

The plaintiff brought this action against the defendant, the purchaser of the mortgaged property, alleging a conversion by him of the property mortgaged

to plaintiff and, from a judgment in favor of the defendant, he has appealed.

■ Upon the trial of the cause the trial court found that the value of the articles so sold and purchased by the defendant was not in excess of the amount which the defendant paid therefor and that the amount due under the prior mortgage at the time of such sale was in excess of the amount received from the sale thereof and this finding is supported by the great weight of the evidence offered upon the trial and, therefore, has the force and effect of a verdict. Under these facts, it is clear that this action cannot be maintained.

■ The holder of the prior mortgage had a lawful right, under the covenant contained in the mortgage and as declared by sections 54-207 and 54-208, Oregon Code 1930, to take possession and sell the mortgaged property and apply the proceeds thereof in payment of the debt owing to it under the mortgage and, since the sale was fairly conducted and the property was sold in good faith and the proceeds properly applied, neither the prior mortgagee nor the purchaser of the mortgaged property is liable to the plaintiff for any sum. Before the plaintiff, under the circumstances stated, could have the right to have the property mortgaged to him applied in satisfaction of the amount due him under his mortgage, it was necessary for him to pay to the prior mortgagee the amount then due under its chattel mortgage and thereby procure the discharge of its prior lien. Not having done so, or tendered payment thereof, he is in no position to complain.

The judgment, therefore, must be affirmed.

BEAN, C. J., and LUSK and BAILEY, JJ., concur.