Argued January 14; affirmed February 3, 1942

## GORDAN *v.* UNITED FINANCE CORPO-
## RATION ET AL.

(121 P. (2d) 938)

Before KELLY, Chief Justice, and RAND, BELT, ROSS-
MAN, BAILEY and LUSK, Associate Justices.

*Oren R. Richards*, of Portland (H. C. King, of Portland, on the brief), for appellant.

*Courtney R. Johns*, of Portland (Cake, Jaureguy & Tooze, of Portland, on the brief), for respondents.

BELT, J. To secure payment of a note of even date in the sum of $611.64, the defendant D. E. Galbraith, on June 30, 1938, executed a mortgage on his Dodge automobile in favor of the defendant United Finance Corporation. Payment was to be made in 18 monthly instalments of $32.98 each. The mortgage was duly recorded on July 5, 1938. A power of sale was contained in the mortgage authorizing the mortgagee, on breach of condition, to declare the entire amount immediately due and payable; to foreclose the mortgage by taking immediate possession of the automobile; and to sell the same at public or private sale "without notice of the time and place thereof to the mortgagor."

The mortgagor, while in possession of the automobile, took it to M. B. Fisch for repairs. Fisch, between and including August 8, 1938, and August 13, 1938, furnished materials and performed work and labor thereon at the owner's instance and request aggregating the sum of $70.75, which it is conceded is a reasonable charge. Notice of lien was duly filed on August 24, 1938. After the filing of the notice of lien, the claim was, on August 26, 1938, sold and assigned to the plaintiff.

Immediately after the repairs were made by Fisch, possession of the car was surrendered to its owner, D. E. Galbraith. Galbraith defaulted in his payments and,

as provided in the mortgage, the mortgagee thereupon took possession of the automobile and sold the same at private sale to the defendant, J. H. Stoneman, for $500. After deducting from the proceeds of the sale the expenses incurred in the seizure and sale of the automobile the sum of $468.81 was applied in payment of the amount due on the note, viz., $543.68, leaving a deficiency of $74.87. Notice of the sale was given to the mortgagor but not to Fisch or his assignee, the plaintiff herein.

Thereafter plaintiff commenced suit to foreclose the mechanics' lien, alleging it to be superior to any claim or lien or interest asserted by the defendants. Defendants Stoneman, the purchaser at private sale, and the mortgagee answered denying plaintiff's claim of lien and alleging the sale of the car pursuant to terms of the chattel mortgage. Defendant Galbraith defaulted and made no appearance.

The circuit court awarded plaintiff judgment against Galbraith for $70.75, together with interest thereon, but dismissed the suit as to the defendants Stoneman and United Finance Corporation. Plaintiff was enjoined from asserting any claim or interest in and to the automobile.

From this decree the plaintiff appeals.

No charge of fraud or collusion is made. The evidence is uncontradicted that the sale was made in good faith for the highest and best price obtainable. It is uncontradicted that the value of the property was less than the mortgage indebtedness. Plaintiff has never made any tender of the amount due the United Finance Corporation under its mortgage lien.

It is conceded by plaintiff that priority over the previously recorded mortgage, acquired by virtue of § 67-604, O. C. L. A., was lost when possession of the

152

automobile was surrendered by Fisch. Such being true, we inquire: In what way has the superior lien of the defendant United Finance Corporation been extinguished? The mortgagee foreclosed pursuant to the terms of the mortgage and in compliance with §§ 68-208 and 68-209, O. C. L. A. The mortgagor expressly agreed that, on condition broken, the mortgagee could do the very things that were done in the foreclosure sale. The subordinate lienholder's rights were subject to the mortgage lien. Under the terms of the mortgage there could be a private sale without notice to the mortgagor. Yet plaintiff complains because he received no notice of sale.

Had the mortgagee foreclosed by suit in equity, the junior lienholder would not be a necessary party thereto, as distinguished from a proper party: 10 Am. Jur. 876; 14 C. J. S. 1053. The validity of the sale in the instant case was not dependent upon notice to Fisch or his assignee (41 C. J. 922) although if the mortgagee, at the time of the sale, had knowledge of a subordinate lienholder, it would have been good practice to notify him of the sale. A prior chattel mortgagee, exercising his right to foreclose and sell the chattel without notice to a subsequent lienholder, has the duty to see that the sale is conducted fairly and honestly and in such a manner that the reasonable value of the chattel is realized. If, however, the sale is fairly and honestly conducted and the proceeds, although representing the full value of the property, do not exceed the amount of the superior lien, the subordinate lien is thereby extinguished. *Harcombe v. Rubenstein*, 158 Or. 78, 74 P. (2d) 982, is squarely in point. Also see 14 C. J. S. 1037.

Had the sale resulted in a surplus, a different question would be presented.

The decree is affirmed.